UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60501-LEIBOWITZ

**OSMAN ADALID MURILLO ZELAYA**,

    *Petitioner*,

v.

**CYNTHIA LAWSON SWAIN,** *et al.*,

    *Respondents*.

_____/

**ORDER IN HABEAS CASES SEEKING RELIEF PURSUANT TO 8 U.S.C. § 1226(a)**

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on February 25, 2026. Petitioner is currently being detained by Respondents at Broward Transitional Center ("BTC") in Pompano Beach, Florida. [*Id.* at 1]. Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case. Petitioner alleges that he is being detained at BTC where Respondent Lawson-Swain is the warden. [ECF No. 1 at 1]. Respondent Lawson-Swain is likely Petitioner's immediate custodian. [ECF No. 1-6 ¶ 10]. Because BTC is located within the Southern District of Florida, Respondent Lawson-Swain is amenable to service of process. Accordingly, the Court has jurisdiction over the Petition and Warden Lawson-Swain is a proper Respondent.

However, Respondent Todd M. Lyons is not the "immediate custodian" of Petitioner. Unlike Lawson-Swain, this Respondent is solely a supervisory official. Therefore, he must be dismissed from the case. *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits of the Petition, the Court is inclined to grant Petitioner's request for a bond hearing, pursuant to 8 U.S.C. § 1226(a), on an expedited basis. Petitioner seeks an individualized bond hearing. [ECF No. 1 at 8]. In prior cases involving essentially indistinguishable facts, Respondent has advanced the novel position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Ocampo Fernandez v. Ripa*, No. 1:25-cv-24981-DSL, ECF No. 17 (S.D. Fla. Nov. 25, 2025); *Landaverde v. Ripa*, No. 0:25-cv-62474-DSL, ECF No. 11 (S.D. Fla. Dec. 18, 2025); *Velasquez v. Diaz, et al.*, No. 1:25-cv-25604-DSL, ECF No. 24 (S.D. Fla. Dec. 18, 2025); *Martinez v. Field Off. Dir.*, No. 1:25-cv-26026-DSL, ECF No. 7 (S.D. Fla. Jan. 14, 2026); *Moncada v. Noem, et al.*, 0:25-cv-62285-DSL, ECF No. 14 (S.D. Fla. Jan. 16, 2026). To date, most courts have sided against Respondent on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, ECF No. 9 at 6–10 (S.D. Fla. Oct. 27, 2025) (collecting cases). Indeed, the Government itself has acknowledged

2

in prior filings before this Court that its position is generally a losing one. *See, e.g.*, *Velasquez*, ECF No. 19 at 1 n.1.

As of late, the Government relies on the Fifth Circuit's recent opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), as well as rulings from two of my colleagues: *Morales v. Noem*, No. 25-62598-CIV, 2026 WL 236307 (S.D. Fla. Jan. 29, 2026) (Singhal, J.), and *Perez Morales v. Noem*, No. 26-60251-CIV, ECF No. 15 (S.D. Fla. Feb. 9, 2026) (Dimitrouleas, J.). With great respect, the Court disagrees with the Government and declines to adopt the reasoning set forth in these cases.

Instead, the Court adopts and fully incorporates the analysis set forth in the Honorable Dana M. Douglas's dissent in *Buenrostro-Mendez*, as well as the Honorable Arun Subramanian's decision in *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025), notable among others who have reached the same conclusion. While this Court recognizes the Executive Branch's broad authority over immigration, the best plain textual reading of the relevant statutes compels the conclusion that Section 1226(a) is the proper detention authority for aliens like Petitioner. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 403 (2024) ("The better presumption is therefore that Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch.").

Section 1225 calls for mandatory detention without bond for aliens "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). "Seeking" is written in the progressive tense, which refers to "action or a state that is continuing to happen." *Progressive Tense*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/progressive%20tense (last visited February 12, 2026). By its ordinary meaning, "seeking" is "to go in search of." *Seeking*, Merriam-Webster Online, https://www.merriam-webster.com/thesaurus/seeking (last visited February 12, 2026). "Admission" is defined by the INA as "the lawful entry of the alien into the United States after inspection and authorization by an

3

immigration officer." *J.G.O.*, 2025 WL 3040142, at *3 (quoting 8 U.S.C. § 1101(a)(13)(A)). "Entry"—while undefined in the INA—means to "the act of entering" or to "come or go in." *Entry*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/entry (last visited February 12, 2026); *Entry*, Oxford English Dictionary (2d ed. 1989); *see United States v. Santos*, 553 U.S. 507, 511 (2008) ("When a term is undefined, we give it its ordinary meaning.").

Piecing all this together in this context, "seeking admission" means continuing to go into the United States. *See J.G.O.*, 2025 WL 3040142, at *3. Petitioner and many others in his position have been in the United States for substantial time (in many cases, years). One cannot continue "the act of entering" in perpetuity, especially into a place he or she already is present. As a result, Section 1225 does not apply, and the Court need not go further. *See United States v. Noel*, 893 F.3d 1294, 1297 (11th Cir. 2018) ("[W]e give effect to the plain terms of the statute." (citations omitted)).

The Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), likewise recognized this distinction and foreclosed any ambiguity between these provisions. In *two* instances, the Supreme Court unequivocally stated that "[Section] 1226 applies to aliens already present in the United States." *Id.* at 303; *see also id.* at 289 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."). The majority opinion in *Buenrostro-Mendez* refers to, and calls into question, only the latter quotation as *dicta*, but not the former. 2026 WL 323330, at *7. If the latter passage is *dicta*, however, this is Supreme Court *dicta* repeated more than once in *Jennings* and repeated *again* just one year later. *See Nielsen v. Preap*, 586 U.S. 392, 396–97 (2019) ("Under federal immigration law, *aliens present in this country* may be removed if they fall within one or more classes of deportable aliens. . . . The first provision, *§ 1226(a), applies to most such aliens*, and it sets out the general rule regarding their arrest and detention pending a decision on removal." (cleaned up) (emphasis added)).

4

This Court agrees with Judge Douglas that, whether *dicta* or not, the Supreme Court's repeated statements possess a different character that should not be cast aside simply because the next case may not be exactly on all fours. *Buenrostro-Mendez*, 2026 WL 323330, at *14 (Douglas, J., dissenting); *see Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) ("We have previously recognized that 'dicta from the Supreme Court is not something to be lightly cast aside.'" (first quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997); then citing *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980) ("We are not bound by dicta, even of our own court . . . . Dicta of the Supreme Court are, of course, another matter."))).

Then there is a fundamental principle that runs through a great deal of our cases since the INA was passed: "The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061–62 (7th Cir. 2025) (alteration rejected) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)); *see also Buenrostro-Mendez*, 2026 WL 323330, at *14 & n.10, 15, 18 (Douglas, J., dissenting). Accepting the Government's view would completely eviscerate that distinction.

In sum, this Court concludes that the better textual reading of the relevant statutes, *Jennings*, and principles enunciated in decades of immigration cases since the INA was passed all counsel against the Government's view. While the Court will address with fresh eyes any factual or legal argument either party wishes to place before it, in the interest of judicial economy and because of the increased number of these cases with materially indistinguishable facts and legal argument, upon due consideration it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition. Respondent Lawson-Swain **SHALL NOT** transfer or remove Petitioner outside of the geographical

    boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent Lawson-Swain shall *either* (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a) <u>within fourteen (14) days of the entry of this Order</u>, or otherwise release Petitioner; *or* (2) show cause in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings, and any other documents necessary for the resolution of the Petition **no later than February 28, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

   a. If Respondent Lawson-Swain chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. <u>No less than 72 hours prior to the time the bond hearing is set to commence</u>, Respondent Lawson-Swain shall notify Petitioner that a bond hearing has been scheduled, which notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing.

   b. If Respondent Lawson-Swain elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted. Petitioner may, but is not required to, file a reply to Respondent's response **no later than March 3, 2026**.

3. Counsel for Respondent Lawson-Swain shall *immediately* notify the Court upon receipt of this Order of the name of the Assistant United States Attorney or other attorney for the Government to whom the case is assigned.

4. The *Clerk* is **DIRECTED** to **DISMISS** Respondent Todd Lyons.

**DONE AND ORDERED** in the Southern District of Florida on February 25, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record